**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MARY KULIK**
**Plaintiff**

**vs.** **C.A. NO. 1:08-cv-00277-S-LDA**

**HARVARD PILGRIM HEALTHCARE, INC.**
**LIBERTY MUTUAL INSURANCE COMPANY**
**and MARK BRONSTEIN, ESQUIRE**
**Defendants**

**DEFENDANT, HARVARD PILGRIM HEALTHCARE, INC.'S, MOTION TO DISMISS**

Now comes the Defendant, Harvard Pilgrim Healthcare, Inc., and hereby move this Honorable Court for an Order dismissing Plaintiff's claim against this Defendant pursuant to Rule 12(b)(6) . In support of its motion, Defendant relies upon the attached memorandum of law and accompanying exhibits. As set forth more fully therein, Plaintiff's complaint, which alleges that the Plaintiff was wrongfully denied benefits by an ERISA plan, fails to state a legally cognizable claim against Harvard Pilgrim because Harvard Pilgrim was neither a fiduciary or administrator of the plan. Well established case law hold that beneficiaries cannot maintain claims against plan sponsors or settlers, such as Harvard Pilgrim, who do not administer or act as a fiduciary with respect to the ERISA plans they have sponsored.

HARVARD PILGRIM HEALTHCARE, INC..
By Its Attorneys,

/s/ R. Kelly Sheridan

R. Kelly Sheridan (#1976)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, Richard M. Peirce, hereby certify that on September 9, 2008, I served the foregoing Motion to Dismiss by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to the following:

Susan Deveney, Esq.
1395 Atwood Avenue, Suite 207
Johnston, RI 02919

Keturah Martin, Esq.
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116

R. Kelly Sheridan

RKS/JAM 110-121
9/3/08 359201

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MARY KULIK**
**Plaintiff**

**vs.** **C.A. NO. 1:08-cv-00277-S-LDA**

**HARVARD PILGRIM HEALTHCARE, INC.**
**LIBERTY MUTUAL INSURANCE COMPANY**
**and MARK BRONSTEIN, ESQUIRE**
**Defendants**

**DEFENDANT, HARVARD PILGRIM HEALTHCARE, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

The Defendant, Harvard Pilgrim Healthcare, Inc. ("Harvard Pilgrim"), submits this memorandum of law in support of its Motion to Dismiss pursuant to 12(b)(6).

## I. INTRODUCTION

In her Complaint, a copy of which is attached hereto as **Exhibit A**, Plaintiff, Mary Kulik, seeks to recover damages and equitable relief pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) for the allegedly wrongful termination of her long term disability benefits. Ms. Kulick maintains that Harvard Pilgrim instituted the long term disability plan at issue in this case. Ms. Kulik has not alleged that Harvard Pilgrim administered the plan or was otherwise a plan fiduciary. Well established precedent holds that a plan member cannot maintain an action against a plan sponsor, such as Harvard Pilgrim, who is neither a plan fiduciary nor an administrator. Accordingly, Ms. Kulik has failed to state a claim against Harvard Pilgrim for which relief may be granted.

## II. FACTS

Plaintiff filed her Complaint on or about July 24, 2008 to "recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 *et seq.* and particularly Section 510 (20 USC 1140), 20 USC 1104 *et seq.*, and all other applicable provisions of the Act to redress the denial of her Long Term Disability Insurance benefits… ." (Ex. A.) The Plaintiff's Complaint alleges that she was employed by Harvard Pilgrim and that she was a participant in a long term disability plan instituted by Harvard and administered by Liberty Mutual ("the Plan"). (Ex. A at ¶ 5, 28). According to her Complaint, Plaintiff suffers from rheumatoid arthritis and that as a result of her condition she first reduced the number of hours that she worked before ceasing all work on March 21, 2001. (Ex. A. ¶ 8, 11, 12). Plaintiff received partial disability benefits under the Plan from June 12, 2000 through March 21, 2001 and full long term disability benefits from March 21, 2001 through September 26, 2001. (Ex. A. ¶ 13-15). Plaintiff alleges that "On or about September 10, 2001, Plaintiff's long term disability benefits <u>were terminated by Liberty Mutual</u>." (Ex. A. at ¶15) (emphasis added). Plaintiff through counsel sought to appeal the termination of her benefits with Liberty Mutual. (Ex. A. ¶ 15-23).

Notably Plaintiff's Complaint does not allege that Harvard Pilgrim was a fiduciary or an administrator of the plan. Rather, the Complaint is clear that Liberty Mutual administered the plan. (Ex. A. ¶ 28). Moreover, the only allegations regarding Harvard Pilgrim in the "Factual Allegations" section of the Complaint are that: 1) Harvard Pilgrim acquired RIGHA, Ms. Kulik's employer, 2) Ms. Kulik enrolled in Harvard Pilgrim's long term disability plan and 3) Harvard Pilgrim ceased operations in Rhode Island. Simply put, those facts are insufficient to establish an ERISA claim against Harvard Pilgrim.

## III. STANDARD OF REVIEW

Under the Rule 12(b)(6) standard the court must construe the plaintiff's complaint in the light most favorable to her and take all of the well-pleaded allegations made therein as true. *See Arruda v. Sears. Robebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002); *Tompkins v .United Healthcare of New England, Inc.*, 203 F.3d 90, 93 (1st Cir. 2002); *Paradis v. Aetna Cas.& Sur. Co.*, 796 F.Supp. 59, 61 (D. R.I. 1992). However, the court need not credit "bald assertions, unsupportable conclusions and opprobrious epithets." *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989) (internal quotations omitted). To survive a Rule 12(b)(6) motion a plaintiff must allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory." *Id. at 16.*

## II. ARGUMENT

### A. <u>ERISA Does Not Permit Claims Against Plan Sponsors Unless the Sponsor Administers the Plan or Acts as a Plan Fiduciary.</u>

"[A]n employer who is not an administrator is not otherwise a proper defendant in an ERISA benefits action" such as this matter. *Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 10 (1st Cir. 2008). ERISA permits suits to recover benefits only against the plan as an entity and suits for breach of fiduciary duty only against the fiduciary. *See Rossi v. Boston Gas Company*, 833 F.Supp. 62, 68 (D. Mass. 1993); ("the Plan is the proper to be sued. Therefore, no cause of action exists against Boston Gas…"); *Beegan v. Associated Press*, 43 F.Supp.2d. 70 (D. Me. 1999); *Rodriguez-Hernandez v. National Life Insurance Co.*, 2005 WL 1640774 (D. Puerto Rico 2005); *Hatch v. Pitney Bowes, Inc.*, 485 F.Supp.2d. 22 (D.R.I. 2007)(adopting reasoning and recommendation of Magistrate Judge in *Hatch v. Bowes*, 2005 WL 5394399 (D.R.I. 2005)). "ERISA contemplates actions against an employee benefit plan and

the plan's fiduciaries. With narrow exception, however, ERISA does not authorize actions against nonfiduciaries of an ERISA plan." *Terry v. Bayer Corp.*, 145 F.3d 28, 35 (1st Cir. 1998) (quoting *Santana v. Deluxe Corp.*, F.Supp, 249, 253 (D. Mass 1996). Accordingly, the First Circuit has recognized that "the proper party defendant in action concerning ERISA benefits is the party that controls administration of the plan." *Terry v. Bayer Corp.*, 145 F.3d at 36, (emphasis added) (quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)).

Given this clearly established prohibition , courts consistently dismiss plaintiffs' claims against plan sponsors or employers who are not plan administrators. *See Rossi v. Boston Gas Company*, 833 F.Supp. 62 (D. Mass. 1993); *Beegan v. Associated Press*, 43 F.Supp.2d. 70 (D. Me. 1999); *Hatch v. Pitney Bowes, Inc.*, 485 F.Supp.2d. 22 (D.R.I. 2007). For example, in *Hatch v. Pitney Bowes* this Court adopted both the magistrate judge's recommended dismissal of a beneficiary's ERISA claims against his former employer, and his reasoning in arriving at that result. *Id.* at 26. The complaint in *Hatch* included, among other counts, a claim for long term benefits pursuant to an employee welfare plan governed by ERISA. The plaintiff named only his former employer, the plan's sponsor, as a defendant. The plan at issue named the Employee Benefits Committee as the plan administrator, not the employer. *Hatch v. Bowes*, 2005 WL 5394399 at *4 (D.R.I. 2005). Recognizing that ERISA only permits benefits claims against plan sponsors when the sponsor also controls the administration of the plan, the magistrate recommended dismissal of the plaintiff's ERISA counts. *Hatch v. Bowes*, 2005 WL 5394399 at *4, 8 (D.R.I. 2005). This Court should reach a similar result in the instant matter.

**B. <u>The Plaintiff Has Not Alleged that Harvard Pilgrim Administered the Plan, Was Acting as A Fiduciary with Respect Thereto or Played Any Role Whatsoever in the Denial of Her Claim for Benefits</u>.**

The Plaintiff's Complaint fails to allege that Harvard Pilgrim was involved in any manner in the decision to terminate her benefits, much less that it controlled the administration of the plan as would be required to maintain an ERISA benefits action against Harvard Pilgrim. Indeed, not only does Plaintiff's Complaint fail to allege that Harvard Pilgrim controlled the administration of the Plan, it identifies Defendant Liberty Mutual as the plan's administrator. (Ex. A at ¶29). Therefore, in light of the clear and unambiguous case law of this circuit, the Plaintiff cannot be permitted to maintain her claims against Harvard Pilgrim.

## III. CONCLUSION

For the foregoing reasons, the Defendant, Harvard Pilgrim Healthcare, Inc., respectfully requests that this Court enter an order dismissing Plaintiff's claims as against this Defendant.

HARVARD PILGRIM HEALTHCARE, INC.,
By Its Attorneys,

/s/ R. Kelly Sheridan

R. Kelly Sheridan (#1976)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I, R, Kelly Sheridan, hereby certify that on September 9, 2008, I served the foregoing Memorandum of Law by causing a true and correct copy of the same to be sent by operation of the Court's ECF System to the following:

Susan Deveney, Esq.
1395 Atwood Avenue, Suite 207
Johnston, RI 02919

Keturah Martin, Esq.
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116

/s/ R. Kelly Sheridan

RKS/JAM 110-121
9/3/08 359201