# EXHIBIT A

RECEIVED
AUG 2 0 2008
LEGAL DEPT.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

Mary Kulik

V.

Harvard Pilgrim Health Care, Inc.
Liberty Mutual Insurance Company
and Mark Bronstein, Esquire

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 08-277 S

A TRUE COPY ATTEST
Process Server
8/20/08
Date of Service

TO: (Name and address of Defendant)

Harvard Pilgrim Health Care, Inc.
93 Worcester Street
Wellesley, MA 02481

**YOU ARE HEREBY SUMMONED** and required to serve on **PLAINTIFF'S ATTORNEY** (name and address)

Susan Deveney, Esq.
1395 Atwood Avenue, Suite 207
Johnston, RI 02919

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

7.30.08

DATE

(By) DEPUTY CLERK

In the United States District Court
For the District of Rhode Island

MARY KULIK
Plaintiff

vs. C.A. NO. 08-00277

HARVARD PILGRIM HEALTH CARE, INC.,
LIBERTY MUTUAL INSURANCE COMPANY
and MARK BRONSTEIN, ESQUIRE
Defendants

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, Mary Kulik and alleges and states the following causes of action:

**JURISDICTION AND VENUE**

Plaintiff brings this action to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the denial of her Long Term Disability Insurance benefits, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan. All acts alleged have occurred within the State of Rhode Island and within this judicial district.

**THE PARTIES**

1. Plaintiff is a citizen of the United States of America and resides in the Town of Cumberland, Rhode Island. At all times material hereto, Plaintiff was an employee of Harvard Pilgrim Health Care of New England (hereinafter the Employer) from 1990 through 1999, as a dental hygienist.

2. At all relevant time, Defendant HARVARD PILGRIM HEALTH CARE, INC. (hereinafter "HPHC") is a duly authorized corporation with its principal place of business in Wellesley, Massachusetts.

3. At all relevant time, Defendant LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "Liberty") is a duly authorized corporation with its principal place of business in Boston, Massachusetts.

4. At all relevant times, Defendant MARK BRONSTEIN, ESQUIRE (hereinafter "Bronstein") is an attorney licensed to practice in the Commonwealth of Massachusetts with a principal place of business in Newton, Massachusetts.

## FACTUAL ALLEGATIONS

5. On or about May 19, 1982, plaintiff began her employment at RIGHA, which was eventually bought by Harvard Pilgrim Health Care, as a dental hygienist. At that time she was enrolled in Harvard Pilgrim Health Care's Long Term Disability policy, which it maintained for the benefit of its employees.

6. The Plan continued to be in full force and effect at all material times relevant to action.

7. At all material times, Plaintiff was a participant in the Plan.

8. Plaintiff suffers from rheumatoid arthritis.

9. On or about December 31, 1999, HPHC ceased all operations in Rhode Island.

10. On or about March of 2000, Plaintiff's condition worsened and she reduced the number of hours worked per week.

11. On or about June 12, 2000, Plaintiff received partial disability benefits pursuant to the policy.

12. Plaintiff continued to receive partial disability benefits through March 21, 2001.

13. On or about March 21, 2001, Plaintiff could no longer work due to her condition.

14. Plaintiff began receiving total long term disability benefits on or about March 21, 2001.

15. On or about September 10, 2001, Plaintiff's long term disability benefits were terminated by Liberty Mutual. This termination of benefits was primarily based upon a Functional Capacity Examination (FCE) which was conducted in November of 2000.

16. On or about September 26, 2001, Bronstein, acting as legal counsel for Plaintiff, requested a copy of the FCE, as well as copies of all medical and vocational records.

17. On or about October 4, 2001, Bronstein, still acting as legal counsel for Plaintiff, sent a correspondence to Liberty indicating that he had been "retained by Ms. Kulik to represent her in an appeal of the termination of her long term disability benefits."

18. On or about October 12, 2001, Liberty sent, via correspondence, a copy of the medical records and vocational information in the Plaintiff's file. Liberty indicated "if you are appealing our decision to close Ms. Kulik's claim please submit a letter of appeal and supporting documentation."

19. On or about October 17, 2002, Bronstein, still acting as legal counsel for Plaintiff, sent a correspondence to Liberty which stated "You asked me to submit a 'letter of appeal.' I did indicate in my previous letter to you dated October 4, 2001 that I was representing Ms. Kulik in an appeal of the termination of her benefits under the above-referenced claim. Please advise if this is not sufficient notice."

20. In the same correspondence dated October 17, 2002, Bronstein stated "Please do not take any further action on this appeal until you receive additional medical and other evidence which I intend to submit as soon as possible."

21. On or about December 10, 2002, Bronstein, still acting as legal counsel for Plaintiff, sent a letter to Liberty outlining Plaintiff's claim and advising Liberty that Plaintiff's claim for Social Security Disability Benefits had been approved.

22. On or about December 27, 2002, Liberty sent a correspondence to Bronstein indicating that they were in the process of reviewing Plaintiff's claim.

23. On or about January 29, 2003, Liberty sent a correspondence to Bronstein indicating that the opportunity to appeal the termination of Plaintiff's benefits ran sixty (60) days from the notice of termination on or about September 10, 2001. Liberty further stated that because Plaintiff was afforded an opportunity to submit a timely written request for review and did not comply, Plaintiff's rights of appeal under ERISA had been exhausted and therefore, no additional information would be considered.

24. Plaintiff has exhausted all administrative remedies available to her under the terms of the Plan and believes any further administrative remedies, if administered by Liberty Mutual, would prove futile.

25. Plaintiff is and continues to be disabled as defined by Harvard Pilgrim Health Care's Long Term Disability Plan.

COUNT I
(Declaratory Relief)

26. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint.

27. Plaintiff hereby Plaintiff seeks a declaration to clarify her right to recover past, present and future long term disability benefits pursuant to the terms of the Plan pursuant to 29 U.S.C. § 1132 (a)(1)(B).

WHEREFORE, Plaintiff seeks declaratory against Defendants, as well as consequential damages for losses incurred as a result of Defendants' breach, together with prejudgment interest, reasonable attorney's fees and costs of suit, and whatever further relief this Court deems fair and just.

COUNT II
(Breach of Contract)

28. Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1 through 27 of this Complaint.

29. Plaintiff is a duly authorized member of the Plan instituted by HPHC and administered by Liberty.

30. Said Plan constitutes a valid and enforceable contract.

31. At all times, Plaintiff acted in good faith with the Defendants.

32. Plaintiff relied in good faith on the written words and actions of the Defendant that the contract would be faithfully executed.

33. Defendants HPHC and Liberty have not complied with the terms of the contract due to the repeated failure to pay Plaintiff the long term disability benefits she is entitled to pursuant to the Plan.

34. Defendants HPHC and Liberty have breached the contract with Plaintiff.

35. As a result of Defendants' actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks judgment against Defendants, as well as consequential damages for losses incurred as a result of Defendant's breach, together with prejudgment interest, reasonable attorney's fees and costs of suit, and whatever further relief this Court deems fair and just.

COUNT III
(Legal Malpractice)

36. Plaintiff repeats, realleges, and incorporates by reference the allegations of Paragraphs 1 through 35 of this Complaint.

37. At all times relevant hereto, Defendant Bronstein failed in his duty to Plaintiff in the following manner:

a. Failing to timely and diligently appeal the ur derlying matter;

b. Failing to timely and diligently take proper s eps to secure redress for Plaintiff's claim in the underlying matter.

38. Plaintiff's appeal of the termination of her long tern disability benefits was a meritorious claim for which Defendants HPHC and Libert were liable, and but for the Defendant Bronstein's breach of duty, lack of skill, care a d competence as aforesaid, the Plaintiff would have received a substantial and fair jud gment, settlement or award.

WHEREFORE, Plaintiff seeks judgment against D fendant Bronstein, as well as consequential damages for losses incurred as a result of Defendant's malpractice, together with prejudgment interest, reasonable attorney's ees and costs of suit, and whatever further relief this Court deems fair and just.

**The Plaintiff hereby demands a TRIAL BY JURY on all counts.**

Plaintiff
MARY KU IK
By her Att rney,

Susan Deveney

Susan Dev eney, Esq. (#3604)
1395 Atwo od Avenue, Suite 207
Johnston, Rhode Island 02919
Telephone (401) 944-1220
Facsimile: (401) 944-1225

DATED: May 23, 2008